IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZELDA DEVELOPMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-508-RAH |
| ) | |
| GOURMET SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Before the Court is Plaintiff Zelda Development, LLC's *Motion for Default Judgment* (doc. 14) against Defendant Gourmet Services, Inc. After careful review of the record, the Court will grant the motion, enter judgment against Defendant, and find Defendant liable to Plaintiff for $1,521,696.04 in compensatory damages.

## II. JURISDICTION AND VENUE

The Court has diversity subject matter jurisdiction under 28 U.S.C § 1332. The amount in controversy exceeds $75,000, and the parties are citizens of different states. Personal jurisdiction and venue are not contested.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. An entry of default must precede an entry of a default judgment. *See* Fed. R. Civ. P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

1

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). The Court may but is not required to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366. "The district court may forego a hearing where all essential evidence is already of record." *Id.* (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## IV. BACKGROUND

On August 23, 2023, Plaintiff filed its Complaint alleging Defendant breached a lease agreement and guaranty lawfully executed between the parties, causing monetary damages to Plaintiff. (Doc. 1 at 16–18.)

More specifically, on November 4, 2019, the parties entered into a valid agreement under which Defendant would lease a building Plaintiff owns on Ann Street in Montgomery, Alabama, to open a Mrs. Winner's Chicken & Biscuits restaurant (the Lease). In addition to setting out the obligations of the parties and the rent payment scheme, the Lease instructs that Defendant will reimburse Plaintiff for the costs and expenses of litigation and attorneys' fees in an action against Defendant concerning a breach or default. The same day, a representative of Defendant executed a Guaranty of

Lease (Guaranty), guaranteeing Defendant would pay "all rents fixed in" the Lease and "all costs and expenses of legal proceedings including reasonable attorney's fees incurred in pursuing rights and remedies available to [Plaintiff] or its assigns." (Doc. 1-4 at 2.) Defendant paid the deposit and first five months of rent to Plaintiff as agreed.

Starting in June 2020, without notice or explanation, Defendant stopped paying rent. On or around July 7, 2020, Plaintiff notified Defendant that individuals were trespassing on the property at night and a representative of Defendant told Plaintiff "we will take care of it." (*Id.* at 8–9.) From July to October 2020, the parties exchanged emails about Defendants' past-due rent, tax, and insurance payments.

On April 20, 2021, Plaintiff notified Defendant by mail and email that it materially breached the Lease. The rent issues persisted, but Plaintiff chose to work with Defendant so that Defendant might establish a profitable restaurant. To no avail. Between March and September 2022, Defendant paid Plaintiff $9,000 in rent each month, pursuant to the Lease, but it still owed Plaintiff for the many months of missed payments.

In December 2022, Defendant notified Plaintiff that it could no longer perform its obligations under the Lease and asked that the parties negotiate a settlement. Defendant then, for the first time, told Plaintiff the Lease was invalid because the representative who signed it on Defendant's behalf did not have the authority to do so. Plaintiff alleges that, under Alabama law, Defendant assented to the Lease and the Defendant's representative had authority to enter into the Lease and the Guaranty.

In addition to the Lease and Guaranty, Plaintiff submitted email exchanges between the parties and the Affidavit of Matthew Paul DeMeyers, member and fifty percent owner of Matthews Development, LLC, which is a member and fifty percent owner of Plaintiff. DeMeyers states that the parties entered into the Lease and Guaranty and that Defendant breached the agreement as described by the Complaint, and he set out the damages Plaintiff suffered as a result of Defendant's breach.

On August 23, 2023, Plaintiff filed suit against Defendant for breach of the Lease and Guaranty. (Doc. 1.) On September 12, 2023, Defendant waived service of summons. (Doc. 10.) Then, after Defendant failed to appear or otherwise respond to the Complaint, on December 14, 2023, Plaintiff filed an application for entry of default with the Clerk of Court (doc. 11), and the Clerk entered default against Defendant pursuant to Rule 55(a) on December 20, 2023. Plaintiff moved for default judgment on January 9, 2024. (Doc. 14.)

## V. DISCUSSION

### A. Sufficient Basis for Default Judgment

In the Eleventh Circuit, there is a "strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Federal Rule of Civil Procedure 55 provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Where, as here, the Defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against him after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default do not automatically entitle the plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Collins v. Andrews*, No. 1:20-cv-296-ECM, 2022 WL 4537875, at *3 (M.D. Ala. Sept. 28, 2022) (quoting *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)). *See also Chudasama v. Mazda Motor Corp.*,

4

123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *Collins*, 2022 WL 4537875, at *3. In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotations omitted) (cleaned up). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Plaintiff's Complaint and supplemental evidentiary submissions establish the parties entered into a valid Lease, Defendant executed a valid Guaranty under which it guaranteed to pay everything owed Plaintiff under the Lease, and Defendant breached the Lease by failing to pay rent when due, causing monetary damages to Plaintiff in the form of lost rent under the Lease, tax and insurance expenses on the leased property, and attorneys' fees and costs resulting from this action, which the parties agreed Defendant would be liable to pay. Accordingly, liability is established, and Plaintiff has "provided a sufficient basis for the judgment entered," *Collins*, 2022 WL 4537875, at *3, and its motion for default judgment is due to be granted.

**B. Damages**

Plaintiff requests compensatory damages. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). "[C]ompensable damage may not be presumed but must be proven." *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985) (citing *Carey v. Piphus*, 435 U.S. 247, 263–64 (1978)).

Plaintiff's evidentiary submission sets forth monetary damages as follows: (1) $1,431,202.50 in lost past, present, and accelerated future rent under the Lease; (2) $31,625.55 in attorneys' fees spent to pursue this action; (3) $36,614.99 in taxes paid on the leased property for the years 2020–2023; (4) $17,093.00 in liability insurance premiums on policies for the leased property for the period between March 2021–March 2025; and, (5) $5,160.00 for maintenance and repair expenses on the leased property. (Doc. 20.) The sum of those damages $1,521,696.04, and it is the total award Plaintiff requests. (*Id.* at 2.) That compensatory award is appropriate because of the Defendant's contractual breach.

## VI. CONCLUSION

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's *Motion for Default Judgment* (doc. 14) is **GRANTED;**

2. Judgment by default will be **ENTERED** against Defendant Gourmet Services, Inc. for $1,521,696.04 in compensatory damages;

3. A separate judgment will be issued.

**DONE** on this the 30th day of April 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE